PER CURIAM.
This matter recurs on the judgment and mandate of the Supreme Court of the United States, remanding the cause “for further consideration in the light of Gideon v. Wainwright, 372 U.S. 335 [83 S.Ct. 792, 9 L.Ed.2d 799].”
The record here reveals that on June 15, 1961, Rice filed a petition for a writ of habeas corpus in this Court. We issued the writ and a return was filed by the respondent on August 10, 1961. Upon consideration of the petition and return the writ was discharged November 1, 1961. This was followed by the filing of a petition for a writ of certiorari in the Supreme Court of the United States.
On January 9, 1962, the respondent, through the Attorney General of Florida, advised the Supreme Court of the United States that Rice had been duly released from prison on November 13, 1961. Apparently overlooking the fact that the petitioner was no' longer in custody, the Supreme Court of the United States nevertheless entered the current order on April 22, 1963. By this order the cause was remanded to us for further consideration.
The respondent now reaffirms the fact that the petitioner Rice was released from prison on November 13, 1961. This occurred approximately seventeen months prior to the entry of the instant judgment by the Supreme Court of the United States. Inasmuch as the petitioner is not now being restrained of his liberty, and has not been, subjected to restraint since November 13, 1961, any further extended consideration of this cause would serve no useful function. On considering the matter pursuant to the mandate of the Supreme Court of the United States, we therefore find, as a matter of fact, that the petitioner is not being restrained of his liberty. For this’ reason it follows that the writ of habeas corpus previously issued by us is again discharged and the petition is hereby dismissed. Should the petitioner desire to seek any further relief he may proceed under Criminal Procedure Rule No. 1 promulgated April 1,. ' 1963.
It is so ordered.
ROBERTS, C. J., and TERRELL, THOMAS, DREW and THORNAL, JJ.,„ concur.